UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD AGYEI,<br>Petitioner,<br><br>v.<br><br>WARDEN, MONROE COUNTY JAIL et al.,<br>Defendants. | Case No. 26-11967<br>Honorable Shalina D. Kumar<br>Magistrate Judge Patricia T. Morris |

**OPINION AND ORDER GRANTING IN PART PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER (ECF NO. 2)**

## I. Introduction

On June 12, 2026, petitioner Richard Agyei ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging he is being unlawfully detained by the Respondents at the Monroe County Jail in violation of the Due Process clause of the Fifth Amendment. *See generally,* ECF No. 1. The same day he filed an emergency motion for a temporary restraining order (TRO) to bar his removal from this jurisdiction until his petition is adjudicated. ECF No. 2.

## II. Background

### A. Factual

Petitioner, a citizen of Ghana, entered the United States in August 2022, and was legally admitted on a non-immigrant F1 student visa. *Id*. at PageID.16. He married a U.S. citizen on December 18, 2025, and has a pending I-130 petition for alien relative. *Id*. Petitioner is the primary source of support for his wife, who is currently pregnant and due to give birth in September. *Id*. Prior to being detained on February 4, 2026, Petitioner and his wife lived in Cincinnati, Ohio, where he worked as a Direct Support Professional at Living Arrangements for the Developmentally Disabled (LADD). *Id*. at PageID.16–17, 24. Petitioner asserts that he has no criminal history. *Id*. at PageID.16.

### B. Procedural

Petitioner was arrested at home by Immigration and Customs Enforcement (ICE) agents and initially detained at the Butler County (Ohio) Jail before being transferred to the Monroe County Jail, where he remains. *Id*. at PageID.17.

On February 24, 2026, Petitioner had an individualized bond hearing before the Immigration Court in Cleveland, which denied him bond because

he did not establish that he was not a flight risk. *Id*. at 17, 20. After his transfer to Monroe County Jail, Petitioner moved for a bond redetermination hearing. *Id*. at PageID.17 The Detroit Immigration Court again denied him bond, finding him to be a flight risk. *Id*. The Immigration Court scheduled a hearing on his removal for April 21, 2026. ECF No. 1, PageID.5. The court denied Petitioner's request for a continuation and offered him the option of voluntary departure or face an alternative removal. *Id*. Petitioner appealed the voluntary departure or order of removal to the Board of Immigration Appeals (BIA) on May 13, 2026. *Id*. at PageID.14. The removal order required him to depart before May 21, 2026, but ICE has delayed deportation to date. *Id*. at PageID.18.

## III. Analysis

The petition before the Court asserts a due process violation based on Petitioner's continued detention after procedurally defective bond determination hearings at which Immigration Judges (IJ) in both Cleveland and Detroit applied the burden of proof to the Petitioner and not the government. Based on this Court's recent ruling in *Graterol Guedez v. Raycraft*, Case No. 26-cv-11285, ECF No. 7, the Court believes Petitioner is likely to succeed on the merits.

Additionally, both the petition and the emergency motion ask for a preliminary injunction enjoining his removal under the removal order. ECF Nos. 1, 2. Although the Court does not believe such an injunction is necessary because the order of removal will not be final until the BIA rules on his appeal, if Petitioner did not timely file an appeal with the BIA, such a challenge could only be heard by a Circuit Court of Appeals. *See Husam F. v. Sessions*, 897 F.3d 707, 717 (6th Cir. 2018) (citing 8 U.S.C. § 1101 (a)(47)(B)(i) & (ii)); *see also* 8 U.S.C. § 1252(a)(5).

The Court finds that a TRO is necessary to preserve the status quo until it can determine if it has jurisdiction over Petitioner's claim, i.e., he timely filed an appeal with the BIA, and if it has jurisdiction, to adjudicate the claim. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 290 (1947) (explaining that "the District Court unquestionably had the power to issue a restraining order for the purpose of preserving existing conditions pending a decision upon its own jurisdiction."); *Am. Fed'n of Musicians v. Stein*, 213 F.2d 679, 689 (6th Cir. 1954) (reasoning that "these and other questions going to the jurisdiction of the district court to entertain the case were grave and difficult, and justified the district court in the issuance of a preliminary injunction in order to reserve to a time, when after

a hearing, adequate study and reflection would be afforded properly to interpret and apply the law.").

## IV. Conclusion

For these reasons, the Court **GRANTS IN PART** Petitioner's Motion for TRO and **ORDERS** that Petitioner not be removed from this jurisdiction until further order by the Court.

The Court further **ORDERS** that Petitioner and counsel for the Government respondents appear for a telephonic status conference at **3:00 p.m. on Tuesday, June 16, 2026,** to discuss this matter and to schedule briefing on Petitioner's due process claim. Each party may dial in separately using the following information: **Conference Number: 313-261-7355; Meeting ID: 411 634 472.**

**IT IS SO ORDERED**.

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: June 12, 2026